UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| JANE DOE, | ) | |
| :--- | :--- | :--- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 1:18-CV-11782-GAO |
| | ) | |
| TOWN OF WAYLAND, | ) | |
| Defendant. | ) | |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, certain documents, materials and other information of the parties, JANE DOE, ("Plaintiff"), and the TOWN OF WAYLAND ("Defendant") (Plaintiff and Defendant may be individually referred to as a "Party" or collectively as the "Parties"), or other entities subject to discovery or disclosure in the above-captioned action (the "Litigation") may be claimed to constitute or contain personal, confidential, proprietary or statutorily-protected information (including personal identifying data such as Social Security Numbers, medical and employment records, Criminal Offender Record Information ("CORI"), Identity of crime victims and crime witnesses, Juvenile Offender Information, or other Confidential Documents as defined herein); and

WHEREAS, the rights of the Parties, and the personal, private, proprietary, or statutorily-protected information which might be requested in discovery in this matter, could be encroached upon if sensitive materials or information that are produced in this Litigation were disclosed; and

WHEREAS, the Parties wish to ensure that any and all personal, private, proprietary, or statutorily-protected "Confidential Information" as defined herein that is produced in this Litigation is not disseminated beyond the confines of the Litigation and that certain information is accorded additional protection, pursuant to Federal Rule of Civil Procedure 26(c); and,

WHEREAS, the Parties may undertake to redact confidential information as permitted or

required under the Rules of Federal Procedure, but the redaction of all personal identifying data or statutorily protected information, including CORI, would pose an undue burden and expense upon the parties in possession of such information or may render the documents produced unintelligible;

WHEREAS, undersigned counsel and the parties and third parties they represent allowed to be shown confidential documents agree to be bound by this Stipulated Protective Order, but reserve their rights to pursue discovery in any other litigation without being bound by this Order;

WHEREAS, the parties dispute what may constitute confidential information but desire to enter into this Stipulated Protective Order in order to facilitate deposition testimony and the production of documents in the Litigation; and

WHEREAS, pending this Court's approval, this Stipulated Protective Order shall apply to all information produced in this action by all Parties ("Discovery Material").

NOW, THEREFORE, the Parties hereby stipulate and agree, and this Court hereby ORDERS as follows:

1. This Stipulated Protective Order ("Stipulated Order") shall govern the handling and treatment of all documents a Party designates as "Confidential Documents" as defined herein, including deposition transcripts and such documents revealed in deposition testimony and/or produced or provided in the course of pre-trial discovery and preparation for trial in this Litigation.

2. Any Party who produces or exchanges Discovery Material in connection with the Litigation (each, a "Producing Party") may designate such Discovery Material as "Confidential Documents" under the terms of this Stipulation, provided that such Discovery Material contains "Confidential Information," defined as:

    1) Criminal Offender Record Information (CORI) as defined under Massachusetts law;

    2) information that identifies a crime victim or minor witness;

3) information that identifies a juvenile offender;

4) personal identifying data (dates of birth and social security numbers);

5) personnel records of non-party public employees;

6) disciplinary records of non-party public employees;

7) information that is not publicly available and which constitutes trade secrets, proprietary or competitively sensitive information;

8) medical or therapy records of any Party, potential witness or employee of any Party, or;

9) information or documents that are otherwise subject to statutorily protected rights under state and federal law and are therefore deemed confidential by operation of law.

3. The Confidential Documents and any Confidential Information obtained from such documents shall be used solely for purposes of the Litigation and for no other unrelated purpose, and shall not be disclosed to or disseminated to any agency, employer, organization or entity, the general public, or any news media or organization, *provided, however,* that such documents may be disclosed to the following:

(a) counsel for the Parties, and their paralegals and clerical assistants;

(b) the Parties, including any officers, directors and employees of the Parties as are reasonably necessary for the purposes of the Litigation and for no other purpose, *provided that* each such person first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(c) the Court, as provided in Paragraph 7, *infra*;

(d) independent stenographic personnel, court reporters, videographers, or photocopying, document imaging or database services providing services in the Litigation;

(e) outside experts or consultants retained by a Party for purposes of the Litigation and for no other purpose, *provided that* each such expert or consultant first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(f) any trial or deposition witness (including such witnesses whom any Party reasonably believes will be required to testify at trial and/or a deposition in the Litigation), in preparation for and/or during testimony, to the extent necessary in good faith to obtain needed discovery or testimony, *provided that* each such witness first executes an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Stipulated Order;

(g) any other person to whom the producing party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that disclosure may be made, provided that nothing in the foregoing precludes any Party from an application for a Court order to determine to whom a reasonably contested disclosure may be made; and

(h) to the Court or parties in an unrelated matter, as provided in Paragraph 8.

Nothing in this Order restricts either party from disclosing non-confidential information (i.e., everything other than "Confidential Information," as defined above) even if that non-confidential information is also contained in a "Confidential Document." In other words, classifying a document a "Confidential Document" because it contains *some* Confidential Information does not make *all* information in the Confidential Document confidential.

4. Counsel for the Parties shall employ reasonable protective measures to ensure that the Confidential Information and Confidential Documents governed by this Stipulated Order are used only for the purposes specified herein, and disclosed only to authorized persons.

5. The designation as Confidential Documents shall be made by affixing the word "Confidential" to the document. The inadvertent failure to mark any document as "Confidential" when being disclosed to an opposing party will not preclude a party from later designating the document as "Confidential," however such later designation must be made in writing. Should either party inadvertently disclose documents not marked as "Confidential," but that otherwise would have been conspicuously marked as such absent this provision, the party shall not be deemed to be in breach or violation of this Stipulated Order. Both parties agree to act in good faith.

6.  If any Party disagrees with any other Party's designation of Discovery Material as Confidential Documents, such Party may move for an order vacating the designation. While any such motion is pending, the Discovery Material shall be treated as Confidential Documents pursuant to this Stipulated Order. The Party asserting the confidential nature of the information shall bear the burden of persuading the Court that the designated material should be treated as Confidential Documents. A "Confidential Document" may lose its "confidential" designation by redacting "Confidential Information" and applicable personally-identifying information from it.

7.  If a Party wishes to file a Confidential Document with the Court, or if a Party wishes to refer in a memorandum or other filing to Confidential Information, absent an agreement between the parties that said filing may be made in the normal course, the submitting party must inform the non-submitting party at least ten (10) days prior to the submitting party's filing of its intent to file a Confidential Document or refer Confidential Information in a filing, such that the non-submitting party may file and serve a Motion to Impound pursuant to the provisions of Local Rule 7.2 to the extent it so desires. Within ten (10) business days of any party filing a Motion to Impound that concerns a document or information designated by the other party as Confidential, the non-moving party shall file a response, if it so desires. Any subsequent filings of Confidential Documents must be pursuant to the terms and limitations prescribed by the Court in ruling on the submitting party's Motion to Impound. Compliance with this provision shall not constitute a Party's agreement that a Confidential Document was appropriately designated or should be impounded. Counsel shall make reasonable efforts to avoid the need for impoundment or sealing of documents submitted to the Court by redaction of Confidential Information or otherwise consulting with opposing counsel by giving ten days' notice before the filing to agree impoundment or sealing is unnecessary or may be limited.

8.  If a Party or participating non-party that has obtained Confidential Documents pursuant to this

Agreement: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to the Litigation, for the purpose of obtaining the disclosure of such Confidential Documents, the receiving party shall give prompt written notice of its receipt of such subpoena, demand or legal process to counsel of record for all Parties to the Litigation so as to allow any Party at least ten (10) days, or such lesser time as such subpoena, demand or legal process specifies for production, to intercede and protect its rights.

9. Nothing in this Stipulated Order is intended to determine or affect, in any way, the admissibility at trial of such Confidential Documents, all such issues remaining subject to requests as may be made to the Court.

10. In the event that any Confidential Documents are either intentionally or inadvertently disclosed to someone not authorized to receive such material under this Stipulated Order, or if a person so authorized breaches any of his, her or its obligations under this Stipulated Order, counsel of record for the Party involved as soon as reasonably practicable shall disclose the unauthorized disclosure or breach to the other Party(ies), and also shall use reasonable efforts to obtain the return of all copies of the Confidential Documents and to prevent any further disclosures of the same.

11. At the conclusion of this Litigation by settlement and/or final judgment, including any appeals or re-trials, all Confidential Documents and any reproductions thereof subject to this Stipulated Order shall be returned to the Party producing same, or destroyed, at its option subject to applicable law or ethical rule. The parties agree that, should they elect to destroy Confidential Documents in accordance with this Stipulated Order, the parties shall shred hard copies of Confidential Documents and "double delete" electronic copies in the ordinary course. This Stipulated Order

shall continue in effect after the conclusion of the Litigation, subject to further agreement of the Parties or order of the Court.

AGREED TO BY THE PARTIES:

Dated: November 25, 2019

Respectfully submitted,

The plaintiff,
JANE DOE,
By her Attorneys,

/s/ Sara Elizabeth Burns
_____
Sara Elizabeth Burns, BBO #692115
Law Office of Sara Elizabeth Burns
175 Federal Street – Suite 1425
Boston, MA 02110-2287
(617) 767-2710
sara@seburnslaw.com

/s/ Kristin M. Knuuttila
_____
Kristin M. Knuuttila, Esq., BBO # 633828
Knuuttila Law LLC
175 Federal Street, Suite 1425
Boston, MA 02110
(617) 610-3010
kmk@knuuttilalaw.com

The Defendant,
TOWN OF WAYLAND,
By its Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

/s/ John M. Wilusz
_____
John J. Davis, BBO #115890
John M. Wilusz, BBO #684950
10 Post Office Square – Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com

SO ORDERED this 13th day of January, 2020

/s/ George A. O'Toole, Jr.
Hon. George A. O'Toole, Jr.
Senior United States District Judge

Doe v. Town of Wayland, 18-cv-11782-GAO

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br>　　　Plaintiff,<br><br>vs.<br><br>TOWN OF WAYLAND,<br>　　　Defendant. | )<br>)<br>)<br>)　C.A. No. 1:18-CV-11782-GAO<br>)<br>)<br>)<br>) |

## ACKNOWLEDGMENT OF
## STIPULATED PROTECTIVE ORDER

I,_____have read the Stipulated Protective Order ("Stipulated Order") entered into between the Parties to the above-captioned action, and I understand the terms and provisions thereof, and agree to be bound by such terms and provisions. I will not disclose to any person other than those specifically authorized by the Stipulated Order, and will not copy or use except solely for the purposes of the above-captioned action, any information protected by the Stipulated Order, except as expressly permitted by said Order, the Parties or the Court.

Date:_____        Signature:_____

　　　　　　　　　　　　　　　　Printed Name: _____